# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MARLO PICKETT, as personal Representative of the Estate of Taporsha M. Caldwell, deceased; JASE NEWELL, a Minor by and through his Legal Custodian and Next of Kin, MARLO PICKETT, individually; | ) ) ) ) ) ) ) ) | Case No. _____ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ARAMARK SERVICES, INC., | ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, & 1446, Aramark Services, Inc. ("Aramark" or "Defendant"), which is the sole non-fictitious named defendant in the above-captioned case, hereby removes this action from the Circuit Court of Jefferson County, Alabama, where it is now pending as Civil Action Number CV-2017-903106, to the United States District Court for the Northern District of Alabama, Southern Division.  In support of this Notice of Removal, Defendant asserts and avers as follows:

## FACTUAL ALLEGATIONS SUPPORTING REMOVAL

1.     Plaintiffs commenced this action against Defendant and certain fictitious parties on July 31, 2017, by the filing of a Complaint and Summons in the Circuit Court of Jefferson County, true and correct copies of which are collectively attached to this Notice of Removal as **Exhibit A**.

2.     Aramark filed a waiver and acceptance of service in the Circuit Court of Jefferson County on July 31, 2017.

3.     Plaintiffs are resident citizens of the State of Alabama. (Compl. at ¶¶ 1-2.)

4.     As to Defendant Aramark, Plaintiff alleges that it is "a foreign corporation" doing business in Alabama, but does not allege the company's state of incorporation or principal place of business.  (Complaint at ¶ 3.)   Defendant alleges, for purposes of establishing this Court's removal jurisdiction, that Defendant Aramark is a corporation organized under the laws of the State of Delaware with its principal place of business located in the State of Pennsylvania. Thus, for diversity purposes, Defendant Aramark is a citizen of the States of Delaware and Pennsylvania.  28 U.S.C. § 1332(c)(1).[1]

5.     Although Plaintiffs named certain additional fictitious parties as defendants in accordance with Alabama state court practice, *see* Ala. R. Civ. P.

---

[1] Aramark Services, Inc. was improperly named defendant in this case, a point which matters not for diversity purposes.  The proper defendant is Aramark Uniform & Career Apparel, LLC, the sole member of which is Aramark Uniform & Career Apparel Group, Inc., a Delaware corporation with its principal place of business in Pennsylvania.

9(h), the citizenship of these fictitiously named defendants must be disregarded for purposes of determining removal jurisdiction.  28 U.S.C. § 1441(b).

6.      Plaintiffs' Complaint relates to a motor vehicle accident that occurred on or about July 24, 2017, on Interstate 65 in Jefferson County, Alabama (the "Accident") between a motor vehicle occupied by Plaintiff's decedent and a minor child for whom Plaintiff purports to be the legal custodian, and a commercial motor vehicle owned or operated by Defendant.  (Compl. at ¶¶ 8-9.)

7.      Plaintiffs allege that the decedent was fatally injured as a result of the Accident.  (*Id*. at ¶ 11.)  Plaintiffs further allege that the minor child suffered significant trauma and injuries throughout his body as a result of the Accident.  (*Id*. at ¶ 12.)  Plaintiffs assert claims for negligence, wantonness, negligent and/or wanton hiring, training and supervision, negligent and/or wanton entrustment, and negligent and/or wanton maintenance, as well as for uninsured/underinsured motorist coverage, alleging that Defendant negligently, recklessly, wantonly, and/or wrongfully acted or failed to act, thereby causing the death of Taporsha Caldwell and significant trauma and injuries to minor child Jase Newell.  (*Id*. at ¶¶ 10-32.)

8.      Plaintiffs allege that fictitious defendants designated fictitious defendant drivers, while acting within the line and scope of his or her employment or agency with Aramark, negligently and wantonly caused or allowed his or her

commercial motor vehicle to collide with the vehicle occupied by "Plaintiff Taporsha Caldwell, Plaintiff Jase Newell, Plaintiff Mason Caldwell, and Plaintiff Robert Moore, III. (Complaint at ¶¶ 8, 11-12.) Additionally, Plaintiffs allege that Aramark negligently and/or wantonly exercised or failed to hire, train, supervise, and retain its commercial vehicle drivers, including fictitious defendant drivers, and, further, that Aramark negligently and/or wantonly entrusted its vehicle to fictitious defendant drivers. (*Id.* at ¶¶ 15, 20.) Plaintiffs further allege that Aramark negligently and/or wantonly maintained, inspected, and/or repaired its commercial vehicle. (*Id*. at ¶ 24.)

9.      In each *ad damnum* paragraph following each count of Plaintiffs' Complaint, both Plaintiffs seek punitive damages "in an amount to be determined by a struck jury." (Complaint at *ad damnum* clauses to ¶¶ 11-12, 16-17, 21-22, 25-26, 32.)

10.     Plaintiffs allege that Aramark is liable for their claimed punitive damages, but does not otherwise specify a monetary amount of damages being sought in the Complaint, nor do they limit their claimed damages to an amount below the minimum jurisdictional amount in controversy. (*See generally*, Complaint.) Plaintiffs make a jury demand and request that the jury make an appropriate damages award. (*Id.*)

11.     Defendant does not agree that all the damages claimed by Plaintiffs are warranted, or that all the damages claimed by Plaintiffs were caused by Defendant's wrongful conduct.    Nonetheless, Defendant agrees that if a jury concludes that Defendant is liable to the Plaintiffs for all their damages, the damages award will exceed $75,000.00.

## FEDERAL SUBJECT MATTER JURISDICTION EXISTS

12.     Pursuant to the federal diversity statute, federal subject matter jurisdiction exists over this civil action because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (3) citizens of different States."    28 U.S.C. § 1332(a)(1); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).    "[T]he party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction."    *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006)).

13.     As demonstrated above, for diversity purposes, Plaintiffs are citizens of Alabama, where they maintain permanent residence and domicile.    Defendant is deemed to be a citizen of both Delaware, where it is incorporated, and Pennsylvania, where its principal place of business is located.    Accordingly,

complete diversity exists pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendant are "citizens of different States."

14.    With regard to the amount in controversy, "'[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Pretka*, 608 F.3d at 752 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also* 28 U.S.C. § 1446(c)(2) (removal statute as recently amended codifying "preponderance of the evidence" with unstated amount in controversy).

15.    In certain circumstances, removal of a complaint that "'does not claim a specific amount of damages . . . is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Pretka*, 608 F.3d at 754 (quoting *Williams*, 269 F.3d at 1319).   It is facially apparent from the Complaint in this case that the amount in controversy exceeds the jurisdiction requirement.  *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (finding complaint for wrongful death to be facially apparent for damages exceeding amount-in-controversy requirement); *see also Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995, 998-999 (M.D. Ala. 2009) (finding it "readily deducible" from the facts alleged in complaint that amount-in-controversy requirement is met, and employing "judicial experience and common sense" in

concluding that a dispute in which the allegedly wanton conduct of a large company resulting in a death indisputably satisfies the jurisdictional amount), *aff'd*, 613 F.3d 1058 (11th Cir. 2010).

16.    Where instead "'the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.'" *Id*. (quoting *Williams*, 269 F.3d at 1319); *see also McCollough Enters., LLC v. Marvin Windows, Inc.*, No. 09-0573-WS-B, 2009 WL 3615044, at *3 (S.D. Ala. Oct. 29, 2009) ("'A removing defendant can discharge this burden by presenting sufficient evidence that a verdict rendered in favor of the plaintiff would exceed $75,000.'") (quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999)).  Multiple $1,000,000.00-plus verdicts in wrongful death actions have been rendered in Jefferson County, Alabama alone in the last three years.[2]

17.    Although Plaintiffs do not expressly label their claims as "wrongful death" claims, each Plaintiff seeks punitive damages for each of the five counts contained in their Complaint, and, with respect to the claims asserted on behalf of the decedent Taporsha Caldwell, those claims seek punitive damages for the alleged negligence and/or wantonness by Defendant that resulted in her death.

---

[2] *See, e.g., Peggy Bender Rush and Dashton Bender Rush v. James Lenoir Kendrick, et al.*, Circuit Court of Jefferson County, Alabama, Birmingham Division, Case No. CV-2011-902863 (March 1, 2013) ($40,250,000 total damage award amongst all plaintiffs; $3,250,000 awarded for wrongful death); *John Hurst and Barbara Hurst et al. v. Mazda Motor of America, Inc.*, Circuit Court of Jefferson County, Alabama, Bessemer Division, Case No. CV-2012-900498 (October 20, 2014) ($9,900,000 total damage award; $3,900,000 awarded for wrongful death).

(Complaint at *ad damnum* clauses to ¶¶ 11-12, 16-17, 21-22, 25-26, 32.)  Because

Alabama's wrongful death statute, Ala. Code (1975) § 6-5-410, governs the

recovery of claims brought on behalf of a decedent, and limits the recovery to

punitive damages (as Plaintiffs have alleged here), the claims brought on behalf of

the decedent Taporsha Caldwell are claims for wrongful death and will be

defended as such.  The court is not bound by Plaintiffs' characterization of their

claims.  *See Roe*, 613 F.3d at 1061 ("[T]he district court is not bound by the

plaintiff's representations regarding its claim."); *see also Main & Assocs., Inc. v.*

*Blue Cross & Blue Shield of Ala.*, 776 F. Supp. 2d 1270, 1277 (M.D. Ala. 2011)

("Of course, the labels a plaintiff applies to the claims in the complaint are not

dispositive. *See Smith v. Local 25, Sheet Metal Workers Int'l Ass'n,* 500 F.2d 741,

748–49 n. 6 (5th Cir. 1974) (a reviewing court must look to the substance of the

complaint, not the labels used in it)").

18.    Where a complaint is removed under the first paragraph of 28 U.S.C.

§ 1446(b) (within thirty days of initial service), the controlling *Pretka* decision

holds that there is "no[] limit [on] the types of evidence that may be used to satisfy

the preponderance of the evidence standard."  *Pretka*, 608 F.3d at 755, 768.

Instead, a removing defendant "may submit a wide range of evidence in order to

satisfy the jurisdictional requirements of removal," including "their own affidavits,

declarations, or other documentation."  *Id*.  A removing defendant may also

include "factual allegations establishing jurisdiction" in the notice of removal if it "can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.* at 754.

19.     Further, in determining the amount in controversy, each category of damages claimed in a complaint, including "punitive damages[,] must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *see also Renfroe v. Allstate Property and Cas. Ins. Co.*, 10-00359-CG-B, 2010 WL 4117038, at *4 S.D. Ala. Sept. 23, 2010) (Bivens, M.J.) ("The law is clear that the amount in controversy includes not only compensatory damages, but punitive damages as well.").

20.     Plaintiffs effectively assert a claim for the wrongful death of Taporsha Caldwell and seek to recover punitive damages.  Plaintiffs also seek to recover compensatory damages for "significant trauma and injuries" sustained by minor child Jase Newell.  As demonstrated by Defendant's factual allegations included in this Notice of Removal, if not facially apparent from the Complaint, it is a certainty that the amount in controversy exceeds $75,000.00.

21.     Finally, because Defendant files this notice of removal within thirty (30) days of its receiving a copy of the initial pleading, Defendant's notice of

removal is timely pursuant to 28 U.S.C. § 1446(b).  Accordingly, this case is removable pursuant to 28 U.S.C. § 1441(a)-(b), as original jurisdiction exists and none of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  *Id*. at § 1441(b)(2).

## ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

22.    In accordance with 28 U.S.C. § 1446(a), Defendant has attached as **Exhibit A** true and correct copies of all process, orders, and other papers served on Defendant as of the date of this removal.

23.    Attached hereto as **Exhibit B** is a copy of the Notice of Filing this Notice of Removal that is being filed with the clerk of the Circuit Court of Jefferson County, Alabama.

WHEREFORE, Defendant files this Notice of Removal in order to remove the entire state court action under case number 01-CV-2017-903106.00 now pending in the Circuit Court of Jefferson County, Alabama, to this Court for all further proceedings.

Respectfully submitted July 31, 2017.

 s/Kevin R. Garrison
D. KEITH ANDRESS
KEVIN R. GARRISON
Attorneys for Defendant Aramark

10

**OF COUNSEL**:
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
1400 Wells Fargo Tower
420 North 20th St.
Birmingham, AL  35203
(205)328-0480 Telephone
(205)322-8007 Facsimile
kandress@bakerdonelson.com
kgarrison@bakerdonelson.com


## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of July, 2017, the foregoing has been electronically filed utilizing the Court CM/ECF system, which will send electronic notification to the following counsel of record:

Edmond D. Earle
THE EARLE LAW FIRM, LLC
1820 7th Avenue North, Suite 105
Birmingham, Alabama 35203


s/Kevin R. Garrison
OF COUNSEL