FILED
2017 Jul-31  PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

ELECTRONICALLY FILED
7/31/2017 8:33 AM
01-CV-2017-903106.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01<br><br>Date of Filing:<br>07/31/2017 | 8:33 AM<br><br>Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### MARLO PICKETT AS PERSONAL REPRESENTATIVE OF TAPORSHA M. CALDWELL ET AL v. ARAMARK SERVI

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other     **First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☑ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING          A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER

R ☐ REMANDED          T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

EAR008          7/31/2017 8:33:08 AM          /s/ EDMOND DEWAYNE EARLE
_____          _____          _____
                         Date                     Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**          ☐ YES ☐ NO ☑ UNDECIDED

ELECTRONICALLY FILED
7/31/2017 8:33 AM
01-CV-2017-903106.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| **MARLO PICKETT, as personal Representative of the Estate of Taporsha M. Caldwell, deceased; JASE NEWELL, a Minor by and through his Legal Custodian and Next of Kin, MARLO PICKETT, individually;** } } } } } } } } | |
| **Plaintiff(s),** } } | **Civil Action No:** **PLAINTIFFS DEMAND TRIAL BY** |
| **v.** } } | **STRUCK JURY** |
| **ARAMARK SERVICES, INC., FICTITIOUS DEFENDANT DRIVERS FICITIOUS UM/UIM CARRIERS and Fictitious Defendants.** } } } } | |

No. 1 whether singular or plural, the correct legal designation of the entity known only to the Plaintiffs as **ARAMARK SERVICES, INC;**

No. 2 whether singular or plural, the correct legal designation of that person known only to the Plaintiffs as **FICTITIOUS DEFENDANT DRIVERS;**

No. 3 whether singular or plural, the correct legal designation of that person known only to the Plaintiffs as **FICTITIOUS UNINSURED/UNDERINSURED CARRIERS;**

No. 4 whether singular or plural, the person, firm, corporation or entity who or which owned/leased the tractor-trailers which collided with the Plaintiffs on the occasion made the basis of this lawsuit;

No. 5 whether singular or plural, the person, firm, corporation or entity for whom the operators of the tractor-trailers which collided with the Plaintiffs was acting as agent, servant or employee on the occasion made the basis of this lawsuit;

No. 6 whether singular or plural; the drivers of the tractor-trailers which collided with the Plaintiffs whose negligent, wanton and/or wrongful conduct caused the Plaintiffs' injuries and damages on the occasion made the basis of this lawsuit;

No. 7 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the drivers, the owners or lessee of the tractor-trailers which collided with the Plaintiffs on the occasion made the basis of this lawsuit;

No. 8 whether singular or plural, the correct legal designation of that entity or those entities who or which afforded any uninsured/underinsured insurance coverage to the Plaintiffs for the occurrence made the basis of this lawsuit;

No. 9 whether singular or plural, that person, firm, corporation or entity who or which provided maintenance and upkeep on the tractor-trailers which collided with the Plaintiffs on the date and occasion made the basis of this lawsuit;

No. 10 whether singular or plural, that person, firm, corporation or entity who or which performed any repair work on the tractor-trailers which collided with the Plaintiffs in the occurrence made basis of this lawsuit;

No. 11 whether singular or plural, that entity or those entities who or which manufactured and/or distributed the tractor-trailers, or any component parts thereof, which collided with the Plaintiffs in the occurrence made the basis of this lawsuit;

No. 12 whether singular or plural, that entity or those entities who or which was the master or principal of the drivers of the tractor-trailers which collided with the Plaintiffs in the occurrence made the basis of this lawsuit;

No. 13 whether singular or plural, that person, firm, corporation or entity who or which negligently entrusted the tractor-trailers involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence;

No. 14 whether singular or plural, that person, firm, corporation, or entity who or which owned/leased the tractor-trailers which collided with the Plaintiffs on the occasion made the basis of this lawsuit;

No. 15 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to the owner and/or lessee of the tractor-trailers involved in the occurrence made the basis of this lawsuit;

No. 16 whether singular or plural, that person, firm, corporation or entity who or which repaired, altered and/or maintained the tractor-trailers involved in the occurrence made the basis of this lawsuit;

No. 17 whether singular or plural, that person, firm, corporation or entity who or which tested, inspected, approved, or issued any approval of the tractor-trailers involved in the occurrence made the basis of this lawsuit, any component part thereof or any attended equipment used or available for use therewith;

No. 18 whether singular or plural, that person, firm, corporation or entity who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and/or hiring of the drivers of the tractor-trailers which collided with the Plaintiffs on the occasion made the basis of this lawsuit;

No. 19 whether singular or plural, that person, firm, corporation or entity who or which was the holder of the ICC motor carrier permit under which the tractor-trailers which collided with the Plaintiffs was being operated on the date and occasion made the basis of this lawsuit;

No. 20 whether singular or plural, that person, firm, corporation or entity other than those entities hereinabove described, which is the successor in interest of any of those entities hereinabove described;

No. 21 whether singular or plural, that person, firm, corporation or entity other than those described hereinabove whose negligent actions or inactions, wantonness, breach of contract or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit. Plaintiffs allege that the identity of the fictitious party Defendants are otherwise unknown at this time, or if known, their identities as proper party Defendants are not known, but their true names will be substituted by amendment when ascertained;

No. 22 whether singular or plural, that person, firm, corporation, entity or tractor trailers that made contact with or Plaintiff was caused to make contact with on occurrence that made basis of this lawsuit;

**Defendants.**

## COMPLAINT

## STATEMENT OF PARTIES

1.   Plaintiff, MARLO PICKETT, as Personal Representative of the Estate of Taporsha Caldwell, deceased, is over the age of nineteen (19) years and at all times material herein this action occurred in Jefferson County, Alabama, within the jurisdiction of this court. At the time of death, Taporsha Caldwell was a resident citizen of Jefferson County, Alabama.

2.   Plaintiff, JASE NEWELL, a Minor, by and through his Legal Custodian and Next of Kin, MARLO PICKETT, is over the age of nineteen (19) years and at all times material herein resided in the State of Alabama within the jurisdiction of this Court.

3. Defendant, ARAMARK SERVICES, INC. is a foreign corporation doing business in Jefferson County, Alabama, within the jurisdiction of this Court.

4. FICTITIOUS DEFENDANT DRIVERS. Defendants were the operators of the tractor-trailers which collided with the Plaintiffs on the date and occasion made the basis of this lawsuit.

5. Defendant UNINSURED/UNDERINSURED INSURANCE CARRIERS is a corporation doing business in Jefferson County, Alabama within the jurisdiction of this Court.

6. Parties-Defendant fictitiously identified as Nos. 1 through 22, whose more correct names and identities are unknown to the Plaintiffs at this time, but will be more correctly name when their identities are ascertained, are the respective persons and/or entities who or which fit the descriptions below:

No. 1 whether singular or plural, the correct legal designation of the entity known only to the Plaintiffs as **ARAMARK SERVICES, INC;**

No. 2 whether singular or plural, the correct legal designation of that person known only to the Plaintiffs as **FICTITIOUS DEFENDANT DRIVERS.**

No. 3 whether singular or plural, the correct legal designation of that person known only to the Plaintiffs as **FICITITIOUS UNINSURED/UNDERINSURED CARRIERS.**

No. 4 whether singular or plural, the person, firm, corporation or entity who or which owned/leased the tractor-trailers which collided with the Plaintiffs on the occasion made the basis of this lawsuit;

No. 5 whether singular or plural, the person, firm, corporation or entity for whom the operator of the tractor-trailers which collided with the Plaintiffs was acting as agent, servant, or employee on the occasion made the basis of this lawsuit;

No. 6 whether singular or plural; the drivers of the tractor-trailers which collided with the Plaintiffs whose negligent, wanton and/or wrongful conduct caused the Plaintiffs' injuries and damages on the occasion made the basis of this lawsuit;

No. 7 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the drivers, the owners or lessee of the tractor-trailers which collided with the Plaintiffs on the occasion made the basis of this lawsuit;

No. 8 whether singular or plural, the correct legal designation of that entity or those entities who or which afforded any uninsured/underinsured insurance coverage to the Plaintiffs for the occurrence made the basis of this lawsuit;

No. 9 whether singular or plural, that person, firm, corporation or entity who or which provided maintenance and upkeep on the tractor-trailers which collided with the Plaintiffs on the date and occasion made the basis of this lawsuit;

No. 10 whether singular or plural, that person, firm, corporation or entity who or which performed any repair work on the tractor-trailers which collided with the Plaintiffs in the occurrence made basis of this lawsuit;

No. 11 whether singular or plural, that entity or those entities who or which manufactured and/or distributed the tractor-trailers, or any component parts thereof, which collided with the Plaintiffs in the occurrence made the basis of this lawsuit;

No. 12 whether singular or plural, that entity or those entities who or which was the master or principal of the drivers of the tractor-trailers which collided with the Plaintiffs in the occurrence made the basis of this lawsuit;

No. 13 whether singular or plural, that person, firm, corporation or entity who or which negligently entrusted the tractor-trailers involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence;

No. 14 whether singular or plural, that person, firm, corporation, or entity who or which owned/leased the tractor-trailers which collided with the Plaintiffs on the occasion made the basis of this lawsuit;

No. 15 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to the owners and/or lessee of the tractor-trailers involved in the occurrence made the basis of this lawsuit;

No. 16 whether singular or plural, that person, firm, corporation or entity who or which repaired, altered and/or maintained the tractor-trailers involved in the occurrence made the basis of this lawsuit;

No. 17 whether singular or plural, that person, firm, corporation or entity who or which tested, inspected, approved, or issued any approval of the tractor-trailers involved in the occurrence made the basis of this lawsuit, any component part thereof or any attended equipment used or available for use therewith;

No. 18 whether singular or plural, that person, firm, corporation or entity who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and/or hiring of the drivers of the tractor-trailers which collided with the Plaintiffs on the occasion made the basis of this lawsuit;

No. 19 whether singular or plural, that person, firm, corporation or entity who or which was the holder of the ICC motor carrier permit under which the tractor-trailers which collided with the Plaintiffs was being operated on the date and occasion made the basis of this lawsuit;

No. 20 whether singular or plural, that person, firm, corporation or entity other than those entities hereinabove described, which is the successor in interest of any of those entities hereinabove described;

No. 21 whether singular or plural, that person, firm, corporation or entity other than those described hereinabove whose negligent actions or inactions, wantonness, breach of contract or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit. Plaintiffs allege that the identity of the fictitious party Defendants are otherwise unknown at this time, or if known, their identities as proper party Defendants are not known, but their true names will be substituted by amendment when ascertained.

No. 22 whether singular or plural, that person, firm, corporation, entity or tractor trailers that made contact with or Plaintiff was caused to make contact with on occurrence that made basis of this lawsuit;

## STATEMENT OF FACTS

7.      Plaintiffs adopt by reference the foregoing paragraphs as if they were to set out in full herein.

8.      On and about July 24, 2017, Plaintiff's decedent, Taporsha Caldwell was lawfully operating her vehicle on Interstate 65 South at or near Finley Boulevard, Exit 286 in Jefferson County, Alabama. Plaintiff's decendant's vehicle was occupied by Plaintiff TAPORSHA CALDWELL, Plaintiff JASE NEWELL, Plaintiff MASON CALDWELL, and Plaintiff ROBERT MOORE III. At said time and place, FICTITIOUS DEFENDANT DRIVERS were driving tractor trailers owned and maintained by Defendant ARAMARK SERVICES, INC. (and fictitiously identified as Nos. 1-22), southbound on Interstate 65 and said Defendant negligently and/or wantonly collided with the vehicle occupied by Plaintiffs.

9.      Parties- Defendant fictitiously identified as Nos. 1 through 22, whose more correct names and identities are unknown to the Plaintiffs at this time, but will be more correctly named when their identities are ascertained, are the respective persons and/or entities who or which fit the descriptions below:

No. 1 whether singular or plural, the correct legal designation of the entity known only to the Plaintiffs as **ARAMARK SERVICES, INC;**

No. 2 whether singular or plural, the correct legal designation of that person known only to the Plaintiffs as **FICTITIOUS DEFENDANT DRIVERS.**

No. 3 whether singular or plural, the correct legal designation of that person known only to the Plaintiffs as **FICTITIOUS UNINSURED/UNDERINSURED CARRIERS**.

6

No. 4 whether singular or plural, the person, firm, corporation or entity who or which owned/leased the tractor-trailers which collided with the Plaintiffs on the occasion made the basis of this lawsuit;

No. 5 whether singular or plural, the person, firm, corporation or entity for whom the operators of the tractor-trailers which collided with the Plaintiffs was acting as agent, servant, or employee on the occasion made the basis of this lawsuit;

No. 6 whether singular or plural; the drivers of the tractor-trailers which collided with the Plaintiffs whose negligent, wanton and/or wrongful conduct caused the Plaintiffs' injuries and damages on the occasion made the basis of this lawsuit;

No. 7 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the drivers, the owners or lessee of the tractor-trailers which collided with the Plaintiffs on the occasion made the basis of this lawsuit;

No. 8 whether singular or plural, the correct legal designation of that entity or those entities who or which afforded any uninsured/underinsured insurance coverage to the Plaintiffs for the occurrence made the basis of this lawsuit;

No. 9 whether singular or plural, that person, firm, corporation or entity who or which provided maintenance and upkeep on the tractor-trailers which collided with the Plaintiffs on the date and occasion made the basis of this lawsuit;

No. 10 whether singular or plural, that person, firm, corporation or entity who or which performed any repair work on the tractor-trailers which collided with the Plaintiffs in the occurrence made basis of this lawsuit;

No. 11 whether singular or plural, that entity or those entities who or which manufactured and/or distributed the tractor-trailers, or any component parts thereof, which collided with the Plaintiffs in the occurrence made the basis of this lawsuit;

No. 12 whether singular or plural, that entity or those entities who or which was the master or principal of the drivers of the tractor-trailers which collided with the Plaintiffs in the occurrence made the basis of this lawsuit;

No. 13 whether singular or plural, that person, firm, corporation or entity who or which negligently entrusted the tractor-trailers involved in the occurrence made the basis of this lawsuit to the driver thereof at the time of said occurrence;

No. 14 whether singular or plural, that person, firm, corporation, or entity who or which owned/leased the tractor-trailers which collided with the Plaintiffs on the occasion made the basis of this lawsuit;

No. 15 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to the owners and/or lessee of the tractor-trailers involved in the occurrence made the basis of this lawsuit;

No. 16 whether singular or plural, that person, firm, corporation or entity who or which repaired, altered and/or maintained the tractor-trailers involved in the occurrence made the basis of this lawsuit;

No. 17 whether singular or plural, that person, firm, corporation or entity who or which tested, inspected, approved, or issued any approval of the tractor-trailers involved in the occurrence made the basis of this lawsuit, any component part thereof or any attended equipment used or available for use therewith;

No. 18 whether singular or plural, that person, firm, corporation or entity who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and/or hiring of the drivers of the tractor-trailers which collided with the Plaintiffs on the occasion made the basis of this lawsuit;

No. 19 whether singular or plural, that person, firm, corporation or entity who or which was the holder of the ICC motor carrier permit under which the tractor-trailers which collided with the Plaintiffs was being operated on the date and occasion made the basis of this lawsuit;

No. 20 whether singular or plural, that person, firm, corporation or entity other than those entities hereinabove described, which is the successor in interest of any of those entities hereinabove described;

No. 21 whether singular or plural, that person, firm, corporation or entity other than those described hereinabove whose negligent actions or inactions, wantonness, breach of contract or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit. Plaintiffs allege that the identity of the fictitious party Defendants are otherwise unknown at this time, or if known, their identities as proper party Defendants are not known, but their true names will be substituted by amendment when ascertained.

No. 22 whether singular or plural, that person, firm, corporation, entity or tractor trailers that made contact with or Plaintiff was caused to make contact with on occurrence that made basis of this lawsuit;

**COUNT ONE**

**NEGLIGENCE/WANTONNESS**

8

10.     Plaintiffs adopt and re-allege the foregoing Paragraphs, as if fully set forth herein.

11.     On and about July 24, 2017, Plaintiff's decedent, Taporsha Caldwell was lawfully operating her vehicle southbound on Interstate 65 at or nearly Finley Boulevard, Exit 286 in Jefferson County, Alabama. At said time and place, Defendant FICTIOUS DEFENDANT DRIVERS was driving tractor trailers owned and maintained by Defendant ARAMARK SERVICES, INC. (and the Defendants fictitiously identified as Nos. 1-22), southbound on Interstate 65 and said Defendants negligently and/or wantonly struck the rear of the vehicle occupied by the Plaintiffs and/or collided with the Plaintiffs vehicle. The direct and proximate cause of the death of Taporsha Caldwell was the negligence, recklessness, carelessness and/or wantonness of the Defendants (and the Defendants fictitiously identified as Nos. 1-22).

WHEREFORE, Plaintiff MARLO PICKETT, as personal representative of the Estate of Taporsha Caldwell, demands punitive damages against the Defendants ARAMARK SERVICES, INC., (and the Defendants fictitiously identified as Nos. 1-22) and Defendants in an amount to be determined by a struck jury, plus interest and costs.

12.     Plaintiffs further allege that as a proximate consequence of the negligence and/or wantonness of the Defendants (and the Defendants fictitiously identified as Nos. 1-22), Plaintiff JASE NEWELL suffered significant trauma and injuries throughout his body.

WHEREFORE, Plaintiff JASE NEWELL demands compensatory and punitive damages against the Defendants ARAMARK SERVICES, INC. (and the Defendants fictitiously identified 1-22) and Defendant in an amount to be determined by a struck jury, plus interest and costs.

## COUNT TWO

### NEGLIGENT/WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ARAMARK SERVICES, INC.

13.     Plaintiffs re-allege each and every previous allegation as if fully set forth herein.

14.     Defendant ARAMARK SERVICES, INC., (and the Defendants fictitiously identified as Nos. 1-22) had a duty to properly hire, train and supervise safe and competent drivers.

15.     Defendant ARAMARK SERVICES, INC., (and the Defendants fictitiously identified as Nos. 1-22) breached its duty owed to the public, including Plaintiff MARLO PICKETT, as Personal Representative of the Estate of Taporsha Caldwell, deceased, and JASE NEWELL, By and through legal Custodian and next of kin, Marlo Pickett by negligently and/or wantonly hiring, training and supervising the Defendants, proximately causing the collision described in this Complaint.

16.     As a proximate consequence of said negligence and/or wantonness of the Defendant ARAMARK SERVICES, INC. (and the Defendants fictitiously identified as Nos. 1-22), the Plaintiff's decedent Taporsha Caldwell, sustained injuries causing her wrongful death.

WHEREFORE, Plaintiff MARLO PICKETT, as Personal Representative of the Estate of Taporsha Caldwell, demands punitive damages against the Defendant ARAMARK SERVICES, INC., (and the Defendants fictitiously identified as Nos. 1-22) in an amount to be determined by a struck jury, plus interest and costs.

17.     As a proximate consequence of said negligence and/or wantonness of the Defendant ARAMARK SERVICES, INC. (and the Defendants fictitiously identified as Nos. 1-22), Plaintiff, JASE NEWELL was caused to suffer the injuries and damages described herein.

WHEREFORE, Plaintiff JASE NEWELL, a minor by and through his Legal Custodian and Next of Kin, Marlo Pickett, demands punitive damages against the Defendant ARAMARK SERVICES, INC., (and the Defendants fictitiously identified as Nos. 1-22) in an amount to be determined by a struck jury, plus interest and costs.

## COUNT THREE

### NEGLIGENT/WANTON ENTRUSTMENT
### BY DEFENDANT ARAMARK SERVICES, INC.

18. Plaintiffs re-allege each and every previous allegation as if fully set forth herein.

19. Defendant ARAMARK SERVICES, INC., (and the Defendants fictitiously identified as Nos. 1-22) had a duty to only entrust its company vehicle to safe and competent drivers.

20. Defendant ARAMARK SERVICES, INC. (and the Defendants fictitiously identified as Nos. 1-22) breached its duty owed to public, including Plaintiff, MARLO PICKETT, as Personal Representative of the Estate of Taporsha Caldwell, deceased, and JASE NEWELL, a minor, by and through his Legal Custodian and next of Kin, Marlo Pickett by negligently and/or wantonly entrusting its tractor to Defendant, proximately resulting in the collision described in this Complaint.

21. As a proximate consequence of said negligence and/or wanton entrustment of the Defendant ARAMARK SERVICES, INC. (and the Defendants fictitiously identified as Nos. 1-22), the Plaintiff's decedent Taporsha Caldwell, sustained injuries causing her wrongful death.

WHEREFORE, Plaintiff MARLO PICKETT, as Personal Representative of the Estate of Taporsha Caldwell, demands punitive damages against the Defendant ARAMARK SERVICES,

INC., (and the Defendants fictitiously identified as Nos. 1-22) in an amount to be determined by a struck jury, plus interest and costs.

22. As a proximate consequence of said negligence and/or wanton entrustment of the Defendant ARAMARK SERVICES, INC. (and the Defendants fictitiously identified as Nos. 1-22), Plaintiff, JASE NEWELL was caused to suffer the injuries and damages described herein.

WHEREFORE, Plaintiff JASE NEWELL, a minor by and through his Legal Custodian and Next of Kin, Marlo Pickett, demands punitive damages against the Defendant ARAMARK SERVICES, INC., (and the Defendants fictitiously identified as Nos. 1-22) in an amount to be determined by a struck jury, plus interest and costs.

## COUNT FOUR

### NEGLIGENT/WANTON MAINTNENANCE
### BY DEFENDANT ARAMARK SERVICES, INC.

23. Plaintiffs re-allege each and every previous allegation as if fully set forth herein.

24. On or about July 24, 2017, Defendant ARAMARK SERVICES, INC. (and fictitiously defendants identified as Nos. 1-22) caused or allowed their tractor trailer to operate on the public roadways in an unsafe condition. More particularly, the name and fictitious defendants negligently and/or wantonly maintained, inspected and/or repaired the commercial vehicles so that it was unsafe to the motoring public, including Plaintiffs.

25. As a proximate consequence of said negligence and/or wanton conduct of the Defendant ARAMARK SERVICES, INC. (and the Defendants fictitiously identified as Nos. 1-22), the Plaintiff's decedent Taporsha Caldwell, sustained injuries causing her wrongful death.

WHEREFORE, Plaintiff MARLO PICKETT, as Personal Representative of the Estate of Taporsha Caldwell, demands punitive damages against the Defendant ARAMARK SERVICES, INC., (and the Defendants fictitiously identified as Nos. 1-22) in an amount to be determined by a struck jury, plus interest and costs.

26. As a proximate consequence of said negligence and/or wanton conduct of the Defendant ARAMARK SERVICES, INC. (and the Defendants fictitiously identified as Nos. 1-22), Plaintiff, JASE NEWELL was caused to suffer the injuries and damages described herein.

WHEREFORE, Plaintiff JASE NEWELL, a minor by and through his Legal Custodian and Next of Kin, Marlo Pickett, demands punitive damages against the Defendant ARAMARK SERVICES, INC., (and the Defendants fictitiously identified as Nos. 1-22) in an amount to be determined by a struck jury, plus interest and costs.

## COUNT FIVE

11

## UNINSURED/UNDERINSURED MOTORIST ACTION AGAINST
## FICTITIOUS INSURANCE CARRIERS

27. Plaintiffs re-allege each and every previous allegation as if fully set forth herein.

28.  At the time of the collision, Plaintiffs' vehicle had in force and effect uninsured/underinsured insurance coverage through FICTITIOUS UNINSURED/UNDERINSURED CARRIERS, by the terms of which the Plaintiffs are entitled to compensation from the FICTITIOUS UNINSURED/UNDERINSURED CARRIERS, for damages caused by and uninsured/underinsured motorist as described herein.

29. FICTITIOUS DEFENDANT DRIVERS (and fictitiously identified as Nos. 1-22) was an uninsured/underinsured motorist at the time of the collision made the basis of this Complaint.

30. The uninsured/underinsured Defendants, proximately caused the collision that resulted in the injuries and damages to the Plaintiffs as described herein.

31.  As a proximate consequence of said negligence and/or wantonness of the uninsured/underinsured Defendants, (and the Defendants fictitiously identified as Nos. 1-22), the Plaintiff's decedent sustained injuries causing her wrongful death.

32.  As a proximate consequence of said negligence and/or wantonness of the uninsured/underinsured Defendants (and the Defendants fictitiously identified as Nos. 1-22), the Plaintiff, JASE NEWELL was caused to suffer the injuries and damages described herein.

    WHEREFORE, Plaintiff MARLO PICKETT, as Personal Representative of the Estate of Taporsha Caldwell and JASE NEWELL, A minor by and through his Legal Custodian and Next of Kin, Marlo Pickett demands punitive damages against the Defendants  (and the Defendants fictitiously identified as Nos. 1-22) in an amount to be determined by a struck jury, plus interest and costs.

                                        Respectfully Submitted,


                                        /s/ Edmond Earle
                                        Edmond D. Earle, Esq.

**OF COUNSEL:**
THE EARLE LAW FIRM, LLC.
1820 7th Avenue North Ste. 105
Birmingham, AL 35203

Phone: 205-458-0041
Fax: 205-458-0015

**SERVE DEFENDANTS BY CERTIFIED MAIL**:

**C.T. CORPORATION SYSTEM,**
**Registered Agent for Aramark Services, Inc.**
**2 NORTH JACKSON STREET, STE. 605**
**MONTGOMERY, AL 36104**

DOCUMENT 3

ELECTRONICALLY FILED
7/31/2017 8:33 AM
01-CV-2017-903106.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **MARLO PICKETT, as personal Representative of the Estate of TaPorsha M. Caldwell, deceased; JASE NEWELL, a Minor by and through his Legal Custodian and Next of Kin, MARLO PICKETT, individually;** } | |
| **Plaintiff(s),** } | Civil Action No: |
| **v.** } | |
| **ARAMARK SERVICES, INC. et al.;** } | |
| **Defendants.** } | |

### PLAINTIFFS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ARAMARK SERVICES, INC.

**COMES NOW**, the Plaintiffs and, pursuant to Alabama Rules of Civil Procedure, propound the following Interrogatories and Request for Production to Defendant Aramark Services, Incorporated in accordance with Alabama Rules of Civil Procedure Rules 33 & 34 to be answered within forty-five (45) days.

1. Is the name of this Defendant correctly designated in the style of the Complaint?

    (a) If not, then please state this Defendant's legal designation.

2. Please state the full name of the owner of the Defendant's commercial vehicle which collided with Plaintiff's decedent's vehicle.

3. Please identify the company with which said Defendant's commercial vehicle is insured.

4. Please give the full limits of liability insurance coverage applicable to said Defendant's commercial vehicle made the basis of Plaintiffs' complaint.

    (a) Please separately identify and state the insurance limits of any excess coverage applicable to said commercial vehicle

5. Please state the full name of the driver of Defendant's commercial vehicle made the basis of Plaintiffs' complaint and with regards to said driver, please state his employer at the present time, as well as at the time of the collision made the basis of this suit.

6. At the time of the collision made the basis of Plaintiffs' complaint, please state the full name and employer of all passengers in the Defendant's commercial vehicle.

7. If you claim that the negligence or conduct of any other person, corporation or other legal entity contributed to cause this collision, then please state the name and manner to which said person, corporation or other legal entity contributed to cause this collision.

8. Please identify by name, address and phone number each and every person who this Defendant, or any employee or agent of this Defendant or its insurer, claims to have witnessed this collision made the basis of Plaintiffs' complaint, or any aftermath at the scene of the collision made the basis of Plaintiffs' complaint.

9. If this Defendant, any employee of this Defendant, or any agent or employee of the insurer of this Defendant, has taken or is in possession of any photographs, videos, or diagrams (including measurements) of the vehicles involved in the collision made the basis of this complaint, please produce.

10. Please state the name, address, phone number, and employer of any individuals from whom written or recorded statements have been taken concerning the collision made the basis of Plaintiffs' complaint.

11. If you expect to call an expert witness at trial, then as to each such expert please state:

       a. The name and address of each such expert and the name and address of any such expert's employer;

       b. The substance of the facts and opinions to which each such expert is expected to testify, including a summary of the grounds or basis for each opinion.

12. Did the driver of your vehicle ever prepare, make or submit a written report of the collision made the basis of this suit?

13. If the preceding answer is yes, then please state:

       a. The date of all such written statements or reports;

       b. The substance of such written statements or reports; and

       c. To whom such statements or reports were submitted.

14. With regards to the driver of the truck which struck the Plaintiffs' decedent, as set out in Plaintiffs' complaint, please produce the following:

       a. The driver's application for employment;

       b. The personnel file of the driver;

       c. Your investigation and any inquiry into the driver's qualifications and any responses thereto;

       d. The Annual Reviews of the driver's driving record;

       e. A complete record of all traffic violations and accidents of said driver;

f. A copy of the driver's road test;

g. A copy of the driver's written examination;

h. Any medical examiner's certificate of physical qualifications of the driver;

I. All copies of all notifications of accidents by the driver;

j. The logs of the driver for the past six (6) months preceding the accident made the basis of Plaintiff's complaint;

k. A copy of any documents relating to any "1-800 COMPLAINTS" or other complaints from customers or members of the driving public made against the driver of this vehicle within the past three (3) years.

l. Copies of all "com-checks", checks, settlement sheets, fuel tax receipts, lodging receipts, and food and beverage receipts for all driving within six (6) months preceding the wreck, up to and including the day of the wreck.

15. With regards to the commercial vehicle which struck the Plaintiffs' decedent vehicle, please produce a copy of the following:

a. Any inspection, repair, services and maintenance records of said vehicle for the past one year;

b. A copy of all "30-day inspection reports" for the subject vehicle for the past one year;

c. All bills of lading for any shipper's goods which were transported by the driver on the   day of the accident made the basis of this complaint, and for eight (8) days prior thereto;

d. Any inspection or pre-inspection reports or records pertaining to the subject vehicle,  for the past six (6) months.

e. The original raw data and copies of any print outs of any on-board recording device, commonly called ECM, for a period of time of 30 days before the wreck, up until the time of the wreck, and seven (7) days post-wreck.

f. Any brokerage agreements relative to the cargo being transported or recently delivered by the tractor trailer on the date of the accident made the basis of this lawsuit.

16. With regards to your company, please produce the following:

a. Copies of all driver's manuals, driver training manuals, training videos, safety manuals and bulletins provided by you to the driver of said vehicle.

b. All policies and procedures relating to the hiring and/or retention of drivers in effect at the time of the collision made the basis of this suit.

c. Please state the name of your safety director.

d. Please state the name of any dispatcher(s) who dispatched the subject tractor-trailer on the date of the subject collision and for any time in the week preceding said collision.

e. Any person employed by your company who investigated the wreck in question for your company.

 f. Please state the full name and account number of any credit cards issued to the driver of Defendant's vehicle for purchasing gasoline, food, lodging, and/or to pay tolls while working for your company.

Respectfully Submitted,

/s/ Edmond D. Earle
Edmond D. Earle (EAR008)
Attorney for the Plaintiffs

**OF COUNSEL:**
THE EARLE LAW FIRM, LLC.
1820 7th Ave. North, Suite 105
Birmingham, AL  35203
Phone: (205) 458-0041
Fax: (205) 458-0015

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**



AlaFile E-Notice

01-CV-2017-903106.00

To:   EDMOND DEWAYNE EARLE
earle@earlelawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARLO PICKETT AS PERSONAL REPRESENTATIVE OF TAPORSHA M. CALDWELL ET AL
01-CV-2017-903106.00

The following complaint was FILED on 7/31/2017 8:33:48 AM

Notice Date:      7/31/2017 8:33:48 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903106.00

To: ARAMARK SERVICES, INC.C/O CORPORATION SERVICE CO
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARLO PICKETT AS PERSONAL REPRESENTATIVE OF TAPORSHA M. CALDWELL ET AL
01-CV-2017-903106.00

The following complaint was FILED on 7/31/2017 8:33:48 AM

Notice Date:    7/31/2017 8:33:48 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | # SUMMONS<br>- CIVIL - | **Court Case Number**<br>01-CV-2017-903106.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## MARLO PICKETT AS PERSONAL REPRESENTATIVE OF TAPORSHA M. CALDWELL ET AL

**NOTICE TO:** ARAMARK SERVICES, INC.C/O CORPORATION SERVICE CO, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), EDMOND DEWAYNE EARLE
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1820 7TH AVENUE NORTH SUITE 105, BIRMINGHAM, AL 35203
.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MARLO PICKETT AS PERSONAL REPRESENTATIVE OF TAPORSHA M. CALDWELL

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 7/31/2017 8:33:48 AM | /s/ ANNE-MARIE ADAMS | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ EDMOND DEWAYNE EARLE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____          _____

*(Server's Printed Name)*     *(Phone Number of Server)*

ELECTRONICALLY FILED
7/31/2017 2:29 PM
01-CV-2017-903106.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| MARLO PICKETT, as Personal Representative of the Estate of Taporsha M. Caldwell, deceased; JASE NEWELL, a Minor by and through his Legal Custodian and Next of Kin, MARLO PICKETT, individually; | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO.: CV-2017-903106 |
| v. | ) ) | |
| ARAMARK SERVICES, INC., | ) ) | |
| Defendant. | ) | |

### ARAMARK SERVICES, INC'S ACCEPTANCE/WAIVER OF SERVICE

COMES NOW Aramark Services, Inc. ("Aramark") and, pursuant to Ala. R. Civ. P. 4(h),

waives service of process in this action, and hereby requests that any documents, pleadings, or

orders be sent to Aramark's counsel of record, Keith Andress, Esq. and Kevin Garrison, Esq. at

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, located at 420 N. 20th Street, Suite

1400, Birmingham, Alabama 35203.

APPROVED BY:

**Aramark Services, Inc.**

By: _____

Its: _____

Respectfully submitted July 31, 2017.

_____
D. KEITH ANDRESS (AND053)
KEVIN R. GARRISON (GAR096)

Attorneys for Defendant,
ARAMARK SERVICES, INC.

**OF COUNSEL**:
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
1400 Wells Fargo Tower
420 North 20th St.
Birmingham, AL  35203
(205)328-0480 Telephone
(205)322-8007 Facsimile
kandress@bakerdonelson.com
kgarrison@bakerdonelson.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2017, the foregoing has been filed utilizing the Court's electronic filing system, which will send electronic notification to the following counsel of record:

Edmond D. Earle, Esq.
The Earle Law Firm, LLC
1820 7th Avenue North, Suite 105
Birmingham, Alabama 35203

OF COUNSEL



AlaFile E-Notice

01-CV-2017-903106.00

To:   KEVIN RAY GARRISON
       krgarrison@bakerdonelson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARLO PICKETT AS PERSONAL REPRESENTATIVE OF TAPORSHA M. CALDWELL ET AL
01-CV-2017-903106.00

The following NOTICE OF REMOVAL was FILED on 7/31/2017 2:32:50 PM

Notice Date:       7/31/2017 2:32:50 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903106.00

To:  EARLE EDMOND DEWAYNE
earle@earlelawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARLO PICKETT AS PERSONAL REPRESENTATIVE OF TAPORSHA M. CALDWELL ET AL
01-CV-2017-903106.00

The following NOTICE OF REMOVAL was FILED on 7/31/2017 2:32:50 PM

Notice Date:      7/31/2017 2:32:50 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903106.00

To:  KEVIN RAY GARRISON
     krgarrison@bakerdonelson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARLO PICKETT AS PERSONAL REPRESENTATIVE OF TAPORSHA M. CALDWELL ET AL
01-CV-2017-903106.00

The following NOTICE OF REMOVAL was FILED on 7/31/2017 2:32:50 PM

Notice Date:     7/31/2017 2:32:50 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
7/31/2017 2:32 PM
01-CV-2017-903106.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

|  |  |  |
|---|---|---|
| **MARLO PICKETT, as personal** | ) | |
| **Representative of the Estate of** | ) | |
| **TaPorsha M. Caldwell, deceased;** | ) | |
| **JASE NEWELL, a Minor by and** | ) | |
| **through his Legal Custodian and** | ) | |
| **Next of Kin, MARLO PICKETT,** | ) | |
| **individually;** | ) | |
|  | ) | |
| **Plaintiff(s),** | ) | |
|  | ) | |
| **v.** | ) | **Case No.: CV-2017-903106** |
|  | ) | |
| **ARAMARK SERVICES, INC.,** | ) | |
|  | ) | |
| **Defendant.** | ) | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take note that Defendant Aramark Services, Inc. ("Aramark") has caused to be filed on the 31st day of July, 2017, in the United States District Court for the Northern District of Alabama, Southern Division, a Notice of Removal for the above-styled action to said court. A copy of the Notice of Removal is attached hereto as **Exhibit A**.

Respectfully submitted,

/s/  Kevin R. Garrison
KEVIN R. GARRISON (GAR096)
D. KEITH ANDRESS (AND053)
BRODIE T. JAMES (JAM039)
Attorneys for Aramark

**OF COUNSEL**:

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
1400 Wells Fargo Tower
420 North 20th Street
Birmingham, Alabama  35203
(205) 328-0480

kgarrison@bakerdonelson.com
kandress@bakerdonelson.com
bjames@bakerdonelson.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing was served upon the below-listed counsel by using the AlaFile e-filing system and/or First Class United States Mail, properly addressed and postage prepaid, this the 31st day of July, 2017:

Edmond D. Earle
THE EARLE LAW FIRM, LLC.
1820 7th Ave. North, Suite 105
Birmingham, AL 35203


s/ Kevin R. Garrison
Of Counsel

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MARLO PICKETT, as personal Representative of the Estate of Taporsha M. Caldwell, deceased; JASE NEWELL, a Minor by and through his Legal Custodian and Next of Kin, MARLO PICKETT, individually; | ) ) ) ) ) ) ) ) | Case No. _____ |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ARAMARK SERVICES, INC., | ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, & 1446, Aramark Services, Inc. ("Aramark" or "Defendant"), which is the sole non-fictitious named defendant in the above-captioned case, hereby removes this action from the Circuit Court of Jefferson County, Alabama, where it is now pending as Civil Action Number CV-2017-903106, to the United States District Court for the Northern District of Alabama, Southern Division.  In support of this Notice of Removal, Defendant asserts and avers as follows:

## FACTUAL ALLEGATIONS SUPPORTING REMOVAL

1.     Plaintiffs commenced this action against Defendant and certain fictitious parties on July 31, 2017, by the filing of a Complaint and Summons in the Circuit Court of Jefferson County, true and correct copies of which are collectively attached to this Notice of Removal as **Exhibit A**.

2.     Aramark filed a waiver and acceptance of service in the Circuit Court of Jefferson County on July 31, 2017.

3.     Plaintiffs are resident citizens of the State of Alabama. (Compl. at ¶¶ 1-2.)

4.     As to Defendant Aramark, Plaintiff alleges that it is "a foreign corporation" doing business in Alabama, but does not allege the company's state of incorporation or principal place of business.   (Complaint at ¶ 3.)   Defendant alleges, for purposes of establishing this Court's removal jurisdiction, that Defendant Aramark is a corporation organized under the laws of the State of Delaware with its principal place of business located in the State of Pennsylvania. Thus, for diversity purposes, Defendant Aramark is a citizen of the States of Delaware and Pennsylvania.  28 U.S.C. § 1332(c)(1).[1]

5.     Although Plaintiffs named certain additional fictitious parties as defendants in accordance with Alabama state court practice, *see* Ala. R. Civ. P.

---

[1] Aramark Services, Inc. was improperly named defendant in this case, a point which matters not for diversity purposes.  The proper defendant is Aramark Uniform & Career Apparel, LLC, the sole member of which is Aramark Uniform & Career Apparel Group, Inc., a Delaware corporation with its principal place of business in Pennsylvania.

9(h), the citizenship of these fictitiously named defendants must be disregarded for purposes of determining removal jurisdiction.  28 U.S.C. § 1441(b).

6.     Plaintiffs' Complaint relates to a motor vehicle accident that occurred on or about July 24, 2017, on Interstate 65 in Jefferson County, Alabama (the "Accident") between a motor vehicle occupied by Plaintiff's decedent and a minor child for whom Plaintiff purports to be the legal custodian, and a commercial motor vehicle owned or operated by Defendant.  (Compl. at ¶¶ 8-9.)

7.     Plaintiffs allege that the decedent was fatally injured as a result of the Accident.  (*Id*. at ¶ 11.)  Plaintiffs further allege that the minor child suffered significant trauma and injuries throughout his body as a result of the Accident.  (*Id*. at ¶ 12.)  Plaintiffs assert claims for negligence, wantonness, negligent and/or wanton hiring, training and supervision, negligent and/or wanton entrustment, and negligent and/or wanton maintenance, as well as for uninsured/underinsured motorist coverage, alleging that Defendant negligently, recklessly, wantonly, and/or wrongfully acted or failed to act, thereby causing the death of Taporsha Caldwell and significant trauma and injuries to minor child Jase Newell.  (*Id*. at ¶¶ 10-32.)

8.     Plaintiffs allege that fictitious defendants designated fictitious defendant drivers, while acting within the line and scope of his or her employment or agency with Aramark, negligently and wantonly caused or allowed his or her

commercial motor vehicle to collide with the vehicle occupied by "Plaintiff Taporsha Caldwell, Plaintiff Jase Newell, Plaintiff Mason Caldwell, and Plaintiff Robert Moore, III. (Complaint at ¶¶ 8, 11-12.) Additionally, Plaintiffs allege that Aramark negligently and/or wantonly exercised or failed to hire, train, supervise, and retain its commercial vehicle drivers, including fictitious defendant drivers, and, further, that Aramark negligently and/or wantonly entrusted its vehicle to fictitious defendant drivers. (*Id.* at ¶¶ 15, 20.) Plaintiffs further allege that Aramark negligently and/or wantonly maintained, inspected, and/or repaired its commercial vehicle. (*Id*. at ¶ 24.)

9.    In each *ad damnum* paragraph following each count of Plaintiffs' Complaint, both Plaintiffs seek punitive damages "in an amount to be determined by a struck jury." (Complaint at *ad damnum* clauses to ¶¶ 11-12, 16-17, 21-22, 25-26, 32.)

10.    Plaintiffs allege that Aramark is liable for their claimed punitive damages, but does not otherwise specify a monetary amount of damages being sought in the Complaint, nor do they limit their claimed damages to an amount below the minimum jurisdictional amount in controversy. (*See generally*, Complaint.) Plaintiffs make a jury demand and request that the jury make an appropriate damages award. (*Id.*)

11.     Defendant does not agree that all the damages claimed by Plaintiffs are warranted, or that all the damages claimed by Plaintiffs were caused by Defendant's wrongful conduct.   Nonetheless, Defendant agrees that if a jury concludes that Defendant is liable to the Plaintiffs for all their damages, the damages award will exceed $75,000.00.

## FEDERAL SUBJECT MATTER JURISDICTION EXISTS

12.     Pursuant to the federal diversity statute, federal subject matter jurisdiction exists over this civil action because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (3) citizens of different States."   28 U.S.C. § 1332(a)(1); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).   "[T]he party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction."   *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006)).

13.     As demonstrated above, for diversity purposes, Plaintiffs are citizens of Alabama, where they maintain permanent residence and domicile.   Defendant is deemed to be a citizen of both Delaware, where it is incorporated, and Pennsylvania, where its principal place of business is located.   Accordingly,

complete diversity exists pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendant are "citizens of different States."

14.     With regard to the amount in controversy, "'[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Pretka*, 608 F.3d at 752 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also* 28 U.S.C. § 1446(c)(2) (removal statute as recently amended codifying "preponderance of the evidence" with unstated amount in controversy).

15.     In certain circumstances, removal of a complaint that "'does not claim a specific amount of damages . . . is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Pretka*, 608 F.3d at 754 (quoting *Williams*, 269 F.3d at 1319).   It is facially apparent from the Complaint in this case that the amount in controversy exceeds the jurisdiction requirement.  *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (finding complaint for wrongful death to be facially apparent for damages exceeding amount-in-controversy requirement); *see also Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995, 998-999 (M.D. Ala. 2009) (finding it "readily deducible" from the facts alleged in complaint that amount-in-controversy requirement is met, and employing "judicial experience and common sense" in

concluding that a dispute in which the allegedly wanton conduct of a large company resulting in a death indisputably satisfies the jurisdictional amount), *aff'd*, 613 F.3d 1058 (11th Cir. 2010).

16.    Where instead "'the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.'" *Id*. (quoting *Williams*, 269 F.3d at 1319); *see also McCollough Enters., LLC v. Marvin Windows, Inc.*, No. 09-0573-WS-B, 2009 WL 3615044, at *3 (S.D. Ala. Oct. 29, 2009) ("'A removing defendant can discharge this burden by presenting sufficient evidence that a verdict rendered in favor of the plaintiff would exceed $75,000.'") (quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999)).  Multiple $1,000,000.00-plus verdicts in wrongful death actions have been rendered in Jefferson County, Alabama alone in the last three years.[2]

17.    Although Plaintiffs do not expressly label their claims as "wrongful death" claims, each Plaintiff seeks punitive damages for each of the five counts contained in their Complaint, and, with respect to the claims asserted on behalf of the decedent Taporsha Caldwell, those claims seek punitive damages for the alleged negligence and/or wantonness by Defendant that resulted in her death.

---

[2] *See, e.g., Peggy Bender Rush and Dashton Bender Rush v. James Lenoir Kendrick, et al.*, Circuit Court of Jefferson County, Alabama, Birmingham Division, Case No. CV-2011-902863 (March 1, 2013) ($40,250,000 total damage award amongst all plaintiffs; $3,250,000 awarded for wrongful death); *John Hurst and Barbara Hurst et al. v. Mazda Motor of America, Inc.*, Circuit Court of Jefferson County, Alabama, Bessemer Division, Case No. CV-2012-900498 (October 20, 2014) ($9,900,000 total damage award; $3,900,000 awarded for wrongful death).

(Complaint at *ad damnum* clauses to ¶¶ 11-12, 16-17, 21-22, 25-26, 32.)  Because Alabama's wrongful death statute, Ala. Code (1975) § 6-5-410, governs the recovery of claims brought on behalf of a decedent, and limits the recovery to punitive damages (as Plaintiffs have alleged here), the claims brought on behalf of the decedent Taporsha Caldwell are claims for wrongful death and will be defended as such.  The court is not bound by Plaintiffs' characterization of their claims.  *See Roe*, 613 F.3d at 1061 ("[T]he district court is not bound by the plaintiff's representations regarding its claim."); *see also Main & Assocs., Inc. v. Blue Cross & Blue Shield of Ala.*, 776 F. Supp. 2d 1270, 1277 (M.D. Ala. 2011) ("Of course, the labels a plaintiff applies to the claims in the complaint are not dispositive. *See Smith v. Local 25, Sheet Metal Workers Int'l Ass'n,* 500 F.2d 741, 748–49 n. 6 (5th Cir. 1974) (a reviewing court must look to the substance of the complaint, not the labels used in it)").

18.     Where a complaint is removed under the first paragraph of 28 U.S.C. § 1446(b) (within thirty days of initial service), the controlling *Pretka* decision holds that there is "no[] limit [on] the types of evidence that may be used to satisfy the preponderance of the evidence standard."  *Pretka*, 608 F.3d at 755, 768. Instead, a removing defendant "may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "their own affidavits, declarations, or other documentation."  *Id*.  A removing defendant may also

8

include "factual allegations establishing jurisdiction" in the notice of removal if it "can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id*. at 754.

19.     Further, in determining the amount in controversy, each category of damages claimed in a complaint, including "punitive damages[,] must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *see also Renfroe v. Allstate Property and Cas. Ins. Co.*, 10-00359-CG-B, 2010 WL 4117038, at *4 S.D. Ala. Sept. 23, 2010) (Bivens, M.J.) ("The law is clear that the amount in controversy includes not only compensatory damages, but punitive damages as well.").

20.     Plaintiffs effectively assert a claim for the wrongful death of Taporsha Caldwell and seek to recover punitive damages.  Plaintiffs also seek to recover compensatory damages for "significant trauma and injuries" sustained by minor child Jase Newell.  As demonstrated by Defendant's factual allegations included in this Notice of Removal, if not facially apparent from the Complaint, it is a certainty that the amount in controversy exceeds $75,000.00.

21.     Finally, because Defendant files this notice of removal within thirty (30) days of its receiving a copy of the initial pleading, Defendant's notice of

removal is timely pursuant to 28 U.S.C. § 1446(b).  Accordingly, this case is

removable pursuant to 28 U.S.C. § 1441(a)-(b), as original jurisdiction exists and

none of the "parties in interest properly joined and served as defendants is a citizen

of the State in which such action is brought."  *Id*. at § 1441(b)(2).

## **ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED**

22.    In accordance with 28 U.S.C. § 1446(a), Defendant has attached as

**Exhibit A** true and correct copies of all process, orders, and other papers served on

Defendant as of the date of this removal.

23.    Attached hereto as **Exhibit B** is a copy of the Notice of Filing this

Notice of Removal that is being filed with the clerk of the Circuit Court of

Jefferson County, Alabama.

WHEREFORE, Defendant files this Notice of Removal in order to remove

the entire state court action under case number 01-CV-2017-903106.00 now

pending in the Circuit Court of Jefferson County, Alabama, to this Court for all

further proceedings.

Respectfully submitted July 31, 2017.


_____
D. KEITH ANDRESS
KEVIN R. GARRISON
Attorneys for Defendant Aramark

10

**OF COUNSEL**:
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
1400 Wells Fargo Tower
420 North 20th St.
Birmingham, AL  35203
(205)328-0480 Telephone
(205)322-8007 Facsimile
kandress@bakerdonelson.com
kgarrison@bakerdonelson.com


## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of July, 2017, the foregoing has been electronically filed utilizing the Court CM/ECF system, which will send electronic notification to the following counsel of record:

Edmond D. Earle
THE EARLE LAW FIRM, LLC
1820 7th Avenue North, Suite 105
Birmingham, Alabama 35203


_____
OF COUNSEL